UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN PAUL MCCLANE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | CASE NO. 3:17-CV-05105-RJB-JRC<br><br>ORDER TO SHOW CAUSE |

On February 16, 2017 plaintiff, who is housed at Washington State Penitentiary ("WSP"), filed a proposed application to proceed *in forma pauperis* and proposed civil rights complaint pursuant to 42 U.S.C. § 1983. Dkts. 1, 1-1, 2, 4. Plaintiff's complaint alleges that medical providers at WSP refused to treat him for his anxiety. Dkt. 1-1. The Court has not granted plaintiff IFP status. The Court has not ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action. Based on plaintiff's proposed complaint, it is unclear whether venue is proper in the Western District of Washington or whether this case should be transferred to the Eastern District of Washington. *See* Dkt. 1-1.

**DISCUSSION**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear from plaintiff's complaint that his claims arise out of actions committed at WSP. Dkt. 1-1. WSP is located in Walla Walla, Washington, which is within the venue of the Eastern District of Washington. *See* 28 U.S.C. §§ 128(a). The only defendants residing in the Western District of Washington are the Department of Corrections ("DOC") and defendant Bovenkamp, the Assistant Secretary of the DOC Health Services Division. Dkt. 1-1.

Plaintiff is directed to carefully review the general venue statute, 28 U.S.C. § 1391, and the change of venue statute, 28 U.S.C. § 1404. With respect to defendant DOC, the DOC is immune from liability and cannot be sued by plaintiff. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is immune from suit in federal court as well. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of 42 U.S.C. § 1983. *Howlett*, 496 U.S. at 365.

Plaintiff is also advised that in order to sustain a § 1983 action, a plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, defendant Bovenkamp appears to have been named solely on the basis of his supervisory responsibility or position. Dkt. 1-1. However, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is the 'moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*quoting Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)). "The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Redman v. County of San Diego*, 942 F.2d 1435, 1448 (9th Cir. 1991) (en banc) (*quoting Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir.1978)). Moreover, an appeals coordinator does not cause or contribute to a completed constitutional violation that occurs in the past. *See George v. Smith,* 507 F.3d 605, 609–610 (7th Cir.2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not").

Accordingly, the Court orders plaintiff to show cause by March 22, 2017 why this case should not be transferred to the Eastern District of Washington in Spokane. Plaintiff shall file a response explaining why the Western District of Washington in Tacoma, Washington is the

proper venue for his § 1983 cause of action. If plaintiff's response does not clearly state why this case should not be transferred or if plaintiff fails to respond to this Order by March 22, 2017, the Court will proceed with a recommendation that plaintiff's case be transferred to the Eastern District of Washington.

Dated this 28th day of February, 2017.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge