UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN PAUL MCCLANE,

          Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS, et al.,

          Defendants.

CASE NO. 3:17-CV-05105-RJB-JRC

ORDER TRANSFERRING CASE

Before the Court is plaintiff's motion to proceed *in forma pauperis* and proposed civil rights complaint. Dkts. 1, 2, 4. Because plaintiff's proposed complaint raises claims related to his medical treatment at Washington State Penitentiary, located in Walla Walla, Washington the Court orders that this case be transferred to the Eastern District of Washington.

**BACKGROUND**

On February 16, 2017, plaintiff, who is housed at Washington State Penitentiary ("WSP"), filed a proposed application to proceed *in forma pauperis* and proposed civil rights complaint pursuant to 42 U.S.C. § 1983. Dkts. 1, 1-1, 2, 4. Plaintiff's complaint alleges that medical providers at WSP refused to treat him for his anxiety. Dkt. 1-1.

ORDER TRANSFERRING CASE - 1

1      The Court has not granted plaintiff IFP status. The Court has not ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action. On February 28, 2017, the Court ordered plaintiff to show cause why his case should not be transferred to the Eastern District of Washington. Dkt. 5. The Court warned plaintiff that failure to file a response to the Court's order would result in plaintiff's case being transferred to the Eastern District. Dkt. 5. Plaintiff did not file a response to the Court's Order. *See* Dkt.

## DISCUSSION

     Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

     Here, it is clear from plaintiff's complaint that his claims arise out of actions committed at WSP. Dkt. 1-1. WSP is located in Walla Walla, Washington, which is within the venue of the Eastern District of Washington. *See* 28 U.S.C. §§ 128(a). The only defendants residing in the Western District of Washington are the Department of Corrections ("DOC") and defendant Bovenkamp, the Assistant Secretary of the DOC Health Services Division, who appears to be named on the basis of his supervisory liability. Dkt. 1-1.

1     Accordingly, the Court orders that this case be transferred to the Eastern District of

2 Washington in Spokane.

3     Dated this 14th day of April, 2017.

*[signature]*

J. Richard Creatura
United States Magistrate Judge